IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARTHUR SCHMIT, <br><br> Plaintiff, <br><br> v. <br><br> BANK UNITED FSB and DEUTSCHE BANK NATIONAL TRUST, <br><br> Defendants. | Civil Action No.: 08 C 4575 <br><br> Suzanne B. Conlon, Judge |

## MEMORANDUM OPINION AND ORDER

Arthur Schmit sues Bank United FSB and Deutsche Bank National Trust for violating the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.* Deutsche Bank moves to dismiss Schmit's amended complaint for lack of subject matter jurisdiction or, alternatively, failure to state a claim. For the reasons set forth below, Deutsche Bank's motion is denied.

## BACKGROUND

The following allegations are derived from Schmit's amended complaint. Schmit obtained a mortgage from Bank United. The loan closed on September 15, 2005. Am. Compl. ¶ 9 and Exs. A & B. Deutsche Bank currently owns the loan. *Id.* ¶ 14.

On January 22, 2008, Schmit sent Bank United a notice rescinding the loan for failing to comply with TILA, and requesting identity of the loan's current owner. *Id.* ¶ 21 and Ex. C. Bank United received Schmit's rescission notice on January 24, 2008. *Id.* ¶ 23 and Ex. D. Neither Bank United nor Deutsche Bank rescinded the loan. *Id.* ¶¶ 24-26.

Schmit filed a TILA complaint against Bank United on August 12, 2008. On December 12, 2008, Schmit amended his complaint to add Deutsche Bank as a defendant. Schmit alleges

Bank United failed to provide him two copies of the required right-to-rescind notice, and failed to properly disclose the amount financed, the finance charge, the annual percentage rate, the total payments, and the number, amounts, and timing of payments. *Id.* ¶¶ 17-18.

## DISCUSSION

### I. Legal Standard

A motion to dismiss may challenge the complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, all well-pleaded allegations are accepted as true and all reasonable inferences are drawn in plaintiff's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). The complaint need only provide a short and plain statement giving defendants fair notice of the nature and basis of the claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007); *Tamayo*, 526 F.3d at 1081; Fed. R. Civ. P. 8(a)(2). This requires more than labels and conclusions, or a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp.*, 127 S. Ct. at 1964-65. Factual allegations must be sufficient to state a claim to relief that is plausible on its face, rather than merely speculative. *Id.* at 1965, 1974; *Tamayo*, 526 F.3d at 1083. A motion to dismiss may also challenge subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007). All well-pleaded allegations are accepted as true, and all reasonable inferences are drawn in plaintiffs' favor. *St. John's United Church of Christ*, 502 F.3d at 625.

### II. Timeliness of Rescission Notice

Deutsche Bank argues it should be dismissed because Schmit's rescission demand was untimely. TILA was enacted to protect consumers and promote the informed use of credit. 15

U.S.C. § 1601(a). Creditors must clearly and conspicuously disclosure credit terms and costs to consumers before a credit transaction occurs. *Id.*; 12 C.F.R. § 226.17.

In a consumer credit transaction in which the lender retains a security interest in the borrower's home, the borrower has a right to rescind the transaction. 15 U.S.C. § 1635(a). The right to rescind generally extends for three business days after the loan closes. *Id.* However, if the lender fails to provide notice of rescission rights or the required material disclosures, the right to rescind extends until three years after consummation of the transaction, or when all of the borrower's interest in the property is transferred, or when the property is sold, whichever occurs first. *Id.* § 1635(f); 12 C.F.R. § 226.23(a)(3). The transaction is consummated on the date the loan closed. *Personius v. Homeamerican Credit, Inc.*, 234 F. Supp. 2d 817, 820 (N.D. Ill. 2002) (Castillo, J.). If the borrower timely elects to rescind the loan, within 20 days, the creditor must return to the borrower any earnest money, down payment, or otherwise, and take all necessary action to reflect termination of any security interest created by the transaction. 15 U.S.C. § 1635(b).

According to Deutsche Bank, even if Bank United failed to provide material disclosures in its loan transaction as Schmit alleges, Schmit was required to rescind within three years after the September 15, 2005 closing, or September 15, 2008. Schmit's January 22, 2008 rescission notice to Bank United was timely. But Schmit did not notify Deutsche Bank that he was exercising his rescission right until he named Deutsche Bank as a defendant in his December 12, 2008 amended complaint – three months too late according to Deutsche Bank.

The parties dispute whether § 1635(f) is jurisdictional. The Seventh Circuit recently addressed this issue and concluded § 1635(f) is *not* jurisdictional. *Doss v. Clearwater Title Co.*,

3

551 F.3d 634, 638 (7th Cir. 2008). Doss involved a sale of property under § 1635(f) rather than the expiration of the three-year time period. Doss refinanced his mortgage and allegedly was subjected to numerous TILA violations by defendants during the process. Doss sued for rescission. Doss' TILA claims were dismissed under § 1635(f) after judicial notice was taken of a quitclaim deed showing Doss had sold the property, although Doss argued the deed was fraudulent. *Id.* at 636-37.

On appeal, defendants argued the district court lacked subject matter jurisdiction under § 1635(f) because Doss sold the property before he claimed a rescission right. In reinstating the case, the Seventh Circuit held "there is nothing jurisdictional about § 1635(f)'s period of repose." *Id.* at 638-39. Indeed, in *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 419 (1998), § 1635(f) was characterized as a statue of repose in holding that a borrower had no right to raise rescission as an affirmative defense to the lender's collection action filed more than three years after the loan closed. *Doss*, 551 F.3d at 638. The validity of Doss' quitclaim deed could and should have been adjudicated. *Id.* at 639-40.

The issue is whether Schmit's timely rescission notice to Bank United equates to timely rescission notice to Deutsche Bank. This recently was addressed in *Hubbard v. Ameriquest Mortgage Co.*, No. 05 CV 389, 2008 WL 4449888 (N.D. Ill. Sept. 30, 2008) (Dow, J.). Hubbard timely notified the original lender of his intent to rescind his loan for TILA violations. The loan, however, had been assigned to Deutsche Bank. Hubbard did not timely notify Deutsche Bank of his intent to rescind. Rather, Deutsche Bank first received notice when it was added as a party in Hubbard's amended complaint – more than three years after the loan closed. *Id.* at *5.

Summary judgment was granted to Hubbard because timely notice to the original lender was held sufficient to effectuate rescission as to Deutsche Bank. Both TILA and its implementing regulation only require rescission notification to the "creditor." 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(a)(2). Under TILA, a creditor refers to the person to whom the debt arising from the transaction is initially payable on the face of the evidence of indebtedness. 15 U.S.C. § 1602(f). And TILA provides the borrower shall have the right to rescind the "transaction." 15 U.S.C. § 1635(a). Rescission terminates the entire *transaction* and thus "'encompasses a right to return to the *status quo* that existed before the loan.'" *Handy v. Anchor*, 464 F.3d 760, 765-66 (7th Cir. 2006) (citation omitted).

When Hubbard notified the original lender of his intent to rescind, Hubbard terminated the loan transaction and was entitled to return to the *status quo* prior to the loan. *Hubbard*, 2008 WL 4449888, at *6. The only way to effectuate this was to involve the original lender and all assignees. *Id.* Assignees, like Deutsche Bank, may not "hide behind the assignment"; timely notice to the original creditor rescinds the transaction in its entirety. *Id.* at *7. *But see Harris v. OSI Fin. Servs., Inc.*, No. 07 C 3552, 2009 WL 212138, at *9-11 (N.D. Ill. Jan. 29, 2009) (Der-Yeghiayan, J.) (summary judgment granted to loan assignee who did not receive rescission notice until named in plaintiff's complaint more than three years after the loan closed).

Neither party cited the *Hubbard* case. Deutsche Bank was a party in *Hubbard*. It is inexplicable that Deutsche Bank would not cite this case here, where it is advocating the precise position it lost recently in *Hubbard*. Counsel are cautioned to apprise the court of all relevant decisions by other judges of this court.

The reasoning in *Hubbard* is persuasive. Schmit timely notified Bank United of its intent to rescind the September 15, 2005 loan. Deutsche Bank did not receive notice until it was added as a defendant in Schmit's amended complaint – more than three years after the loan closed. Nevertheless, timely notice to the original lender may be sufficient to effectuate rescission as to Deutsche Bank. Schmit alleges he sent Bank United a rescission notice and requested identity of the loan's current owner months before the three-year time period expired. *Id.* ¶ 21 and Ex. C. Assuming the truth of Schmit's allegations and drawing all reasonable inference in his favor, neither Bank United nor Deutsche Bank responded. *See id.* ¶¶ 24-26. Schmit states a claim against Deutsche Bank.

## CONCLUSION

Deutsche Bank's motion to dismiss the amended complaint is denied. Deutsche Bank has failed to show that as a matter of law, Schmit's rescission notice to Bank United did not constitute notice to Deutsche Bank.

ENTER:

_Suzanne B. Conlon_
Suzanne B. Conlon
United States District Judge

February 6, 2009