IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ARTHUR SCHMIT, )
)
)
Plaintiff, )
) Civil Action No.: 08 C 4575
v. )
) Suzanne B. Conlon, Judge
BANK UNITED FSB and DEUTSCHE )
BANK NATIONAL TRUST, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Arthur Schmit sues Bank United FSB and Deutsche Bank National Trust for violating the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.* Bank United moves to dismiss a portion of Schmit's statutory damages claim for failure to state a claim. For the reasons set forth below, Bank United's motion is granted.

## BACKGROUND

The following allegations are derived from Schmit's amended complaint. Schmit obtained a mortgage from Bank United. The loan closed on September 15, 2005. Am. Compl. ¶ 9 and Exs. A & B. Deutsche Bank currently owns the loan. *Id.* ¶ 14.

On January 22, 2008, Schmit sent Bank United a notice rescinding the loan for failing to comply with TILA, and requesting identity of the loan's current owner. *Id.* ¶ 21 and Ex. C. Bank United received Schmit's rescission notice on January 24, 2008. *Id.* ¶ 23 and Ex. D. Neither Bank United nor Deutsche Bank rescinded the loan. *Id.* ¶¶ 24-26.

Schmit filed this complaint against Bank United on August 12, 2008. On December 12, 2008, Schmit amended his complaint to add Deutsche Bank as a defendant. Schmit alleges Bank

United failed to provide him two copies of the required right-to-rescind notice, and failed to properly disclose the amount financed, the finance charge, the annual percentage rate, the total payments, and the number, amounts, and timing of payments. *Id.* ¶¶ 17-18. Schmit seeks rescission, statutory damages for failure to rescind, statutory damages for the underlying disclosure violations, actual damages, and attorneys' fees and costs. *Id.* ¶¶ 1 and 27, and prayer for relief.

## DISCUSSION

### I. Legal Standard

A motion to dismiss may challenge the complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, all well-pleaded allegations are accepted as true and all reasonable inferences are drawn in plaintiff's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). The complaint need only provide a short and plain statement giving defendants fair notice of the nature and basis of the claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007); *Tamayo*, 526 F.3d at 1081; Fed. R. Civ. P. 8(a)(2). This requires more than labels and conclusions, or a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp.*, 127 S. Ct. at 1964-65. Factual allegations must be sufficient to state a claim to relief that is plausible on its face, rather than merely speculative. *Id.* at 1965, 1974; *Tamayo*, 526 F.3d at 1083.

### II. TILA Relief

Bank United argues TILA's one-year limitations period bars Schmidt's statutory damages claim for the underlying disclosure violations. 15 U.S.C. § 1640(e). TILA was enacted to protect consumers and promote the informed use of credit. 15 U.S.C. § 1601(a). Creditors must

2

clearly and conspicuously disclosure credit terms and costs to consumers before a credit transaction occurs. *Id.*; 12 C.F.R. § 226.17. A TILA action alleging failure to provide these disclosures must be brought within one year from the date of the alleged violation. 15 U.S.C. § 1640(e). The date the violation occurred is the date the credit transaction was consummated, *i.e.*, the date the loan closed. *Personius v. Homeamerican Credit, Inc.*, 234 F. Supp. 2d 817, 820 (N.D. Ill. 2002) (Castillo, J.). A successful TILA plaintiff may recover statutory damages. 15 U.S.C. § 1640(a).

In a consumer credit transaction in which the lender retains a security interest in the borrower's home, the borrower has a right to rescind the transaction. *Id.* § 1635(a). The right to rescind generally extends for three business days after the loan closes. *Id.* However, if the lender fails to provide notice of rescission rights or the required material disclosures, the right to rescind extends until three years after consummation of the transaction, or when all of the borrower's interest in the property is transferred, or when the property is sold, whichever occurs first. *Id.* § 1635(f); 12 C.F.R. § 226.23(a)(3). If the borrower timely elects to rescind the loan, within 20 days, the creditor must return to the borrower any earnest money, down payment, or otherwise, and take all necessary action to reflect termination of any security interest created by the transaction. 15 U.S.C. § 1635(b). A lender who fails to rescind is liable for statutory damages. *Id.* §§ 1635(g), 1640(a).

Schmit's loan closed on September 15, 2005. Schmit filed this lawsuit on August 12, 2008 – well beyond TILA's one-year limitations period for disclosure violation claims. Schmit's statutory damages claim for the underlying disclosure violations is untimely. TILA violations subject to the one-year provision may not be revived by linking them to a rescission claim. *See*

3

*Briscoe v. Deutsche Bank National Trust*, No. 08 C 1279, 2008 WL 4852977, at *4 (N.D. Ill. Nov. 7, 2008) (Zagel, J.) (collecting cases). If successful, Schmit may recover statutory damages for the alleged failure to honor his rescission notice. *See* 15 U.S.C. §§ 1635(g), 1640(a); *Briscoe*, 2008 WL 4852977, at *3.

In his complaint, Schmit explicitly seeks "statutory damages as a result of the disclosure violations." Am. Compl., prayer for relief ¶ 8. In his response to Bank United's motion to dismiss, Schmit suggests his statutory damages claim is based only on Bank United's failure to rescind. Response at 3-4. If that is the case, Schmit should have withdrawn his statutory damages claim for the underlying TILA violations.

## CONCLUSION

Bank United's motion to dismiss Schmit's statutory damages claim for the underlying disclosure violations is granted. This claim is untimely under § 1640(e).

ENTER:

Suzanne B. Conlon
United States District Judge

February 6, 2009

4